UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **JAMES HOUCK,** | * | |
| **Plaintiff** | * | |
| v | * | Civil Action No. GJH-18-3352 |
| | | (Consol. Case GJH-18-3354) |
| **WARDEN at WCI,** | * | |
| **DPSCS,** | | |
| **BRYANT McCALL,** *the Muslim Gang*, | * | |
| **Defendants** | * | |
| | *** | |

## MEMORANDUM OPINION

Self-represented plaintiff James Houck is incarcerated at Western Correctional Institution ("WCI"). In this complaint, he claims that he is in danger of imminent physical harm and seeks placement in protective custody housing. The Court directed a show cause response why injunctive relief should not be granted.

### I. BACKGROUND

On October 22, 2018, Houck filed two related complaints alleging that he is in danger of serious harm. The complaints, respectively assigned civil case numbers GJH-18-3352 and GJH-18-3354, were consolidated. Houck claims that in retaliation for filing a sexual assault charge, he was placed in a cell with Bryant McCall, a member of the "Muslim Gang" who threatened to kill him. Houck claims that McCall assaulted him on October 13, 2018, and there is a "hit" on his life. Houck requests assignment to a single cell in protective custody and monetary damages.[1]

---

[1] Houck has submitted other complaints and filings claiming that he is in danger of harm unless he is housed in protective custody or transferred to a different facility. For example, in *Houck v. Warden*, GJH-15-3639 (D. Md. 2015), he claimed he was in immediate danger and needed to be housed in a single cell. In that case, this Court

In response to the Court's Order to Show Cause why injunctive relief should not be granted (*i.e.* Houck's assignment to protective custody), counsel filed verified documents including a declaration executed by Corey Walker, WCI Correctional Case Management Supervisor. Walker states that on October 13, 2018, prison staff observed Houck and his cell mate McCall fighting. ECF 7; ECF 7-6. The inmates both received adjustments and pleaded guilty to Rule 100, engaging in a disruptive act. Walker directed a member of the case management staff to interview McCall, who requested to have Houck placed on his enemy list because in McCall's view, Houck was crazy. ECF 7 at 1-2.

On October 29, 2018, after Acting Commissioner Wayne Hill received a letter alleging that McCall along with other gang members and Muslim inmates were trying to kill Houck, he was placed in administrative segregation. Houck stayed on administrative segregation until his allegations were investigated and determined unsubstantiated. McCall was transferred to Roxbury Correctional Institution on February 6, 2019. ECF 7-20. After verifying that Houck

---

noted that Houck's claims of imminent danger due to his double cell housing had been recently investigated and found uncorroborated in *Houck v. Dep't. of Public Safely and Corr. Serv*., Civil Action GJH-15-1883 (D. Md. 2015). The Court therefore dismissed Houck's claims concerning his safety and threats of imminent harm without prejudice, dismissed the Warden as a defendant, and in an abundance of caution. directed the Office of the Attorney General to file a status report. The consequent status report indicated Houck had been in a single cell and in protective housing since December of 2015.

In *Houck v. Department of Public Safety and Correctional Services*, GLH-15-1883 (D. Md. 2015), Houck claimed he was at risk for being a "snitch" and his cellmate "Joe" threatened to kill him and had made a "sex pass" at him. Houck did not allege that he had been harmed. The Court ordered the State to file an expedited Response which established that Houck was not housed with documented enemies; each time Houck alleged a risk to his safety he had elected not to provide information to investigate his concern; and that Houck had been on protective custody status since February 11, 2014. *Id*. at ECF 23. The case was dismissed on November 11, 2015.

In *Houck v. Warden*, *Jessup Correctional Institution*, No. GJH-14-3907 (2015), Houck claimed he was sexually assaulted in March of 2014 and gang members wanted to kill him. The Court dismissed this case as moot on June 4, 2015, because Houck was transferred to WCI from Jessup Correctional Institution and was placed on the protective custody tier, providing him the relief that he had requested in the Complaint. The Court noted further that although Houck had claimed to have four witnesses to the sexual assault, he did not provide their names despite a request by this Court to do so. Additionally, there were no known or reported assaults involving Houck, and when the sexual assault was investigated, Houck refused to identify his assailant and showed no physical injury. *Id*. at ECF No. 36 at 2, 7.

2

had no documented enemies at WCI, he was moved into the general population on March 21, 2019, where he remained without incident. ECF 7 at 1; ECF 7-4; and ECF 7-20 at 1.

## II.  DISCUSSION

### A.  Preliminary Injunctive Relief

To obtain a preliminary injunction, a plaintiff must establish that (1) the plaintiff is likely to succeed on the merits, (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in the plaintiff's favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Dewhurst v. Century Aluminum Co.,* 649 F.3d 287, 290 (4th Cir. 2011). Because a preliminary injunction is "an extraordinary remedy . . . [it] may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. The plaintiff must satisfy all four of these requirements. *See Pashby v. Delia*, 709 F.3d 307, 320-21 (4th Cir. 2013).

The information before this Court shows that prison officials took notice of Houck's expressed safety concerns, placed him in administrative segregation pending investigation, transferred his assailant to another correctional facility, and only after ascertaining that he had no verified enemies at WCI transferred Houck to WCI. Houck does not dispute this information. Notably, Houck provides no details to substantiate his allegation that a "hit" was placed on his life, nor has he offered any argument in support of his request for preliminary injunctive relief. Houck fails to demonstrate that he is likely to succeed on the merits or suffer irreparable harm unless he is placed in protective custody status. Further, he does not show the balance of equities tip in his favor or serve the public interest. Courts have recognized that the functions of prison management, such as security and inmate housing assignments, are best left to the broad discretion of prison administrators to enable safe and effective management. *See, e.g., Gaston v.*

*Taylor,* 946 F.2d 340, 343 (4th Cir.1991); *Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir.1980). Accordingly, Houck's request for preliminary injunctive relief is denied.

## B. Failure to State a Claim

Houck is proceeding in forma pauperis. ECF 3.[2] The in forma pauperis statute permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Here, defendants, the Department of Safety and Correctional Services (DPSCS) and Bryant McCall are not proper defendants in a prisoner civil rights action filed under 42 U.S.C. § 1983, and no claim is stated against the Warden, who is the only properly named Defendant.

The State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, though not to a suit of this kind. *See* Md. Code Ann., State Gov't., § 12–201 (West 2018). Under the Eleventh Amendment, a State, including its agencies and departments, is immune from suit brought by its citizens or the citizens of another state in Federal court without the State's consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). DPSCS is an agency of the State of Maryland. *See Dep't of Pub. Safety & Corr. Servs. v. Doe*, 439 Md. 201, 94 A.3d 791, 794 n.2 (Md. 2014) (stating that DPSCS is "an agency of the State" for violations of a plaintiff's constitutional rights). Consequently, DPSCS is not amenable to suit in this action.

Essential to sustaining an action under § 1983 are the presence of two elements. A plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities

---

[2] Since filing this complaint, Houck has accumulated three strikes under 28 U.S.C. §1915(g). *See Houck v. Western Correctional Institution,* GJH-17-2801 (Md. 2019) (outlining assignment of three strikes). Houck must pay the full filing fee (currently $402) when submitting future complaints unless he can establish that he is under an imminent danger of serious physical injury.

secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Houck does not allege or present facts to suggest that Bryant McCall, his fellow inmate, was acting under color of law. Therefore, McCall will be dismissed from this action.

Houck also provides no facts to support his conclusory assertion that he was placed in a cell with McCall in retaliation for filing a sexual assault complaint. To state a claim of retaliation for exercising First Amendment rights, a plaintiff must show that (1) the plaintiff engaged in protected First Amendment activity; (2) the defendant took some action that adversely affected the First Amendment rights; and (3) there was a causal relationship between the protected activity and the defendant's conduct. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005). There are no facts from which a possible claim of retaliation might be gleaned. The claim therefore must be dismissed.

As to the Warden, Houck raises no specific allegations that he was personally involved in the matter alleged or is legally culpable based on principles of supervisory liability. Any implication that the Warden might be liable due solely to the position of authority he occupies is without legal support. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). Accordingly, the Warden will be dismissed from this action.

## III.  CONCLUSION

For these reasons, preliminary injunctive relief will be denied and this case will be dismissed with prejudice for failure to state a claim.   A separate order follows.


January 12, 2022                                           /s/
Date                                                               GEORGE J. HAZEL
                                                                   United States District Judge